The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE, WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: CR19-141 RSM |
| | ) | |
| Plaintiff, | ) | DEFENDANT RAJNINDER JUTLA'S |
| | ) | MOTION TO WITHDRAW FROM PLEA |
| vs. | ) | AGREEMENT |
| | ) | |
| RAJNINDER JUTLA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

I.  <u>MOTION</u>

COMES NOW, RAJNINDER JUTLA (hereinafter "Dr. Jutla"), by and through her attorney, Jennifer Horwitz, and moves to withdraw from her guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which allows withdrawal from a plea agreement after the plea is entered but before the sentencing hearing if a "fair and just" reason exists to withdraw from the plea.  For the reasons set forth in this motion, there is such a basis to withdraw from the plea agreement in this case.

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 1

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

## II. <u>PROCEDURAL HISTORY OF CASE</u>

Dr. Jutla was indicted on Counts 1-12 in this case on July 24, 2019. The allegations included Conspiracy to Pay and Receive Kickbacks (Counts 1 and 2), in violation of 42 U.S.C. § 1320a-7b(1)(B) and (b)(2)(B), and 18 U.S.C. § 371. She was charged in Counts 3-10 with Solicitation and Receipt of Kickbacks, in violation of 42 U.S.C. § 1320a-7(b)(b)(1)(B) and 18 U.S.C. §2. She was charged in Counts 9-12 with Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2. A superseding indictment was filed on November 18, 2019 that alleged counts 13-20 of Health Care Fraud, also in violation of 18 U.S.C. §§ 1347 and 2.

Dr. Jutla was initially represented by retained counsel Angelo Calfo. Mr. Calfo filed a Motion to Withdraw as Attorney on February 22, 2022, and the motion was granted by this Court on February 24, 2022. The Federal Public Defender's Office was appointed to take over Dr. Jutla's representation on March 10, 2022. Dr. Jutla appeared by video for a hearing on January 26, 2023 to change her plea as to Count 11. This Court conducted the plea colloquy itself, rather than delegating the change of plea hearing to a Magistrate Judge. This enabled the Court to accept Dr. Jutla's guilty plea on the same date that the hearing took place – January 26, 2023.

On February 27, 2023, the Federal Public Defender's Office filed a motion to withdraw as counsel on the case. The contents of the motion are sealed, but as the Declaration of Counsel section of this motion indicates, the reason Dr. Jutla needed new counsel was to evaluate whether there was a basis for her to move to withdraw from her plea agreement. The motion for the Federal Public Defender's Office to withdraw from the case was granted on February 27, 2023 and CJA counsel Jennifer Horwitz was appointed on March 2, 2023. Sentencing is currently set for September 15, 2023 at 10:00 am.

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 2

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

### III.   LEGAL STANDARD THAT APPLIES TO THIS MOTION

Fed.R.Crim.Pro 11(d)(2)(B) provides that after entry of a guilty plea, but before sentencing, a defendant may withdraw his or her plea if he or she can show a "fair and just reason" for requesting withdrawal of the plea.

A defendant may withdraw his or her guilty plea before sentencing only if they "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Ninth Circuit has held that, though this standard is liberal, it must be consistent with " Rule 11's purpose of ensuring some finality at the time pleas are accepted." *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).  The Ninth Circuit has held that "[o]nce the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right." *Id.* Importantly, the burden is on the defendant to show a permissible reason to withdraw the guilty plea, which includes reasons like "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Minasyan*, 4 F.4th 770 (9th Cir. 2021); *Ensminger* at 590–91 (citations omitted).

### IV.   DECLARATION OF COUNSEL IN SUPPORT OF MOTION

I, Jennifer Horwitz, declare the following to be true and correct to the best of my knowledge under the penalty of perjury:

1.      I was appointed to represent Rajninder Jutla on March 2, 2023.  Both Dr. Jutla and her former counsel, Dennis Carroll and Vicki Lai, of the Federal Public Defender, communicated to me that Dr. Jutla wanted new counsel to help her analyze whether there was a basis to bring a motion to withdraw her guilty plea.

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 3

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

2.      During the time I have been involved in this case, I have taken the following actions and reviewed the following materials to help me analyze whether I felt that there was a basis to bring a motion to withdraw from the plea agreement in this case:

        a)      I have reviewed the following documents or written communications in this case:

- The indictment, the superseding indictment and the plea agreement in this case;
- The transcript of the change of plea hearing before Judge Martinez on January 26, 2023;
- The transcripts of three interviews of Rajninder Jutla by the FBI on June 12 and June 13, 2018 and July 23, 2019;
- The transcripts of the grand jury testimony of Agent Peterson who testified on March 20, 2019 and July 24, 2019;
- The interview of patient H.H. by the DSHS Inspector General on November 28, 2018;
- The interview of patient H.H. by the investigator working with Angelo Calfo on March 13, 2020;
- Dr. Jutla's chart notes regarding patient H.H. that correspond to the count of conviction;
- A chronological summary of patient notes regarding patient H.H. put together by the Federal Public Defender's Office;
- A summary from the Federal Public Defender's Office of other forms submitted regarding HH, including prior authorization forms, Insys Express Scripts, TIRF-REMS paperwork, IRC Opt-in forms;
- A memo regarding the defense investigator interview of patient A.B. by the FPD investigator on July 22, 2022;
- Several emails and letters from the Federal Public Defender's Office to Dr. Jutla over the course of their representation of her;
- Emails provided by Dr. Jutla to her counsel at the Federal Public Defender's Office in late January 2023 and early February 2023, after entry of the plea regarding her requests for information from the discovery about the J.F. prescription for compounded cream written on March 31, 2015, that is referenced in Paragraph 8, Statement of Facts in the Plea Agreement;
- Other information provided to me by Dr. Jutla.

        b)      I have also taken these additional steps:

- I have conferred several times by phone and email with AUSA Tom Woods;
- I have conferred several times by phone and email with Dennis Carroll, Vicki Lai and the paralegals that were part of Dr. Jutla's defense team at the Federal Public Defender's Office;
- I have conferred with Dr. Jutla several times by phone, email and text message about her concerns and questions about the case and plea agreement and have followed up on several issues she raised in various ways, including providing some discovery to her that she requested.

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 4

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

3.      One of the issues Dr. Jutla raised about the plea agreement was that she had never seen a copy of the prescription that she allegedly wrote to patient J.F. on March 31, 2015 before she entered her guilty plea.  This prescription is referenced in paragraph 8(i) of the Statement of Facts in the Plea Agreement.  She indicated to me that after the change of plea hearing, she requested that her attorneys provide her with a copy of the prescription.  She indicated that her attorneys did provide her with a copy of the prescription, upon her request after the plea hearing.  When she looked at the prescription, she immediately knew the signature on it was not her signature.  She indicated that she always signs prescriptions with her signature and "MD" after her name.  The prescription from March 15, 2023 did not have an "MD" after her name.

4.      I contacted both Vicki Lai and Dennis Carroll at the Federal Public Defender's Office to ask if they remembered sending Dr. Jutla a copy of the March 31, 2015 J.F. prescription before she entered her plea.  They were not able to remember if a copy of this particular prescription was provided to Dr. Jutla before her change of plea hearing.  They indicated that they would have sent it to her, had she requested it, and did send it when she requested it after her change of plea hearing.

Mr. Carroll and Ms. Lai provided all of their email communications with Dr. Jutla to me to review.  I reviewed their email communications from several weeks before the plea hearing, but not the entirety of the numerous email communications between Dr. Jutla and her counsel over the course of the representation.  In my review of the email communications in the weeks before the plea hearing, I was not able to establish that the Federal Public Defender's Office provided Dr. Jutla with a copy of the March 31, 2015 prescription to J.F. before she entered her guilty plea.  While Dr. Jutla's Federal Public Defender's believed she retained her own patient

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 5

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

records and would have had her own access to the March 31, 2015 J.F. prescription referenced in the plea agreement, Dr. Jutla denied having access to this document in her own patient records. In asking AUSA Tom Woods whether he believed Dr. Jutla would have retained a copy of this prescription, he was able to verify that the copy the government acquired was not from the seizure of Dr. Jutla's patient records, but he, of course, could not confirm or deny what patient records she had retained.

5.      On April 7, 2023, my request for funds to retain handwriting expert Hannah McFarland was approved.  Ms. McFarland requested that I gather 10-20 signatures of Dr. Jutla close in time to the disputed signature on the March 31, 2015 prescription for J.F.  I provided 18 exemplars within about one year of the disputed signature.  Some of the exemplars were very close in time.  One was one day later, on April 1, 2015.  None of the exemplars that I provided omitted "MD" after Dr. Jutla's signature.  Expert Hannah McFarland examined the handwriting exemplars that I provided and compared them to the disputed signature.  She concluded that the signature on the March 31, 2015 J.F. prescription is "probably not genuine."  I have attached expert McFarland's resume and report to this motion as Exhibit A to this motion.  The March 31, 2015 prescription to J.F. has been filed under seal as Exhibit 1 to Expert Report.

6.      The fact that the March 31, 2015 J.F. prescription is disputed by Dr. Jutla and that an expert has supported her assertion that she did not sign the prescription, is newly discovered evidence since the plea was entered.  This issue was not discovered before the plea because, it appears to me, that Dr. Jutla was never shown the prescription that was referenced in paragraph 8(i) of her plea agreement before she entered her plea.  This newly discovered evidence is a basis for the Court to find that there is a "fair and just reason" for the Court to grant Dr. Jutla's request to withdraw from the plea agreement.

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 6

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

8.      It should be noted that Dr. Jutla raised many other issues with her plea and with the case that are *not* offered as a basis for this motion.  I have agreed to list the issues here and present them to the Court for informational purposes only, so that if the Court would like to know more about any of the issues, it can ask for more information to be provided.  Those issues are:

a)      <u>Ineffective Assistance of Retained Counsel Calfo</u>

Dr. Jutla believes that her first attorney, Angelo Calfo was ineffective because he did not realize the March 31, 2015 J.F. prescription was a forgery, which led to the denial of his motion to sever counts (Dkt. 38), filed on January 30, 2020.  In addition, she believed a plea offer was made to her in 2019 that was not communicated to her by Mr. Calfo, and that she was not informed about the possibility of making a counter-offer to the initial plea offer from the government because Mr. Calfo had a monetary interest in taking the case to trial, which included the deeding of her family home as collateral for his fee.

b)      <u>Ineffective Assistance of the Federal Public Defender's Office</u>

Dr. Jutla reported that Dennis Carroll told her many times that he did not access the hard drive containing discovery because he and his team didn't have time to go through a million pages and that the hard drive was too disorganized to find anything.  She indicated that her attorneys never described any defense strategy to her and only focused on the "assumption that I would be found guilty on many counts because the medication is Fentanyl and that I would go to prison leaving my children in foster care" so they communicated that she should resolve her case with a guilty plea.

Dr. Jutla also asserts that Mr. Carroll told her that there was a 'forever' document at the sentencing hearing which would be able to explain her side of what happened in the case as well

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 7

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

as include the sentence.  Dr. Jutla has indicated that she believed that the language in the plea agreement would not be the final account of what had occurred in her case.

        c)    <u>Important Information Was Not Presented to the Grand Jury</u>

See information filed under seal.

        d)    <u>The Pattern of Forging Documents at Insys</u>

Dr. Jutla also believes that in the cases in which Insys employees and executives were prosecuted, there was a pattern of forgeries by Insys employees and admissions that they had changed insurance codes after doctors signed documents and that they sometime impersonated doctors on the phone with insurance companies to ensure that insurance companies would cover their medication.  A class action lawsuit against Insys in United States District Court for the District of Arizona (CV-16-00302-PHX-NVW) was filed for violations of the federal securities laws.  The complaint in that lawsuit set forth the wrongful conduct of Insys employees and the lengths employees went to so that the company's medication would be paid for by insurance. (See, excerpt from Second Amended Complaint For Violation of the Federal Securities Laws in the Arizona case, provided at <u>Exhibit C</u>).  Dr. Jutla indicates that Insys required that all prior authorizations be completed by them at their headquarters.  Once a prior authorization was signed and eventually faxed or scanned in, the only way a doctor would know if the patient received the promised ten or thirty free doses was when the patient came to their appointment and told Dr. Jutla and her staff.

Dr. Jutla feels the evidence would show that her style of practice was to input four diagnosis codes only, and that any prior authorization forms with more than four codes were later filled out by Insys employees and did not match the four-diagnosis-code pattern of her own prior authorization forms.  Dr. Jutla points out that this is one of the concerns with the plea to Count

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 8

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

11 regarding patient H.H.  (See example patient forms, filed under seal, as <u>Exhibit D</u>).   After separating from her defense team at the Federal Public Defender's Office, Dr. Jutla has requested and reviewed some discovery items herself and believes that there were other Opt-In forms submitted for patients that were not signed by her.  Dr. Jutla also notes that Insys employee Kristiana Wright was accused by her direct report, Julie Hudson of forging Ms. Hudson's signature on a dinner program attendance sign-in sheet which Julie Hudson informed the Federal Agents she did not attend.

      e)    <u>The Statements Made to the FBI Were Not Voluntary</u>

Dr. Jutla has asserted that the statements she made to the FBI were not voluntary because she was sleep-deprived from her parenting obligations as a single parent without involvement of a partner or family nearby to help her.  At the time, she had a 10-months old baby who would wake up throughout the night, which resulted in her routinely getting less than four hours of sleep.  Dr. Jutla has pointed out that her house was being raided by Agents at the time she was confronted with agents who made her feel that she needed to answer their questions.  She was overwhelmed because she had just had a sedation anesthetic medical procedure of embryo transfer and was receiving high dose hormone therapy as part of supporting her early and fragile pregnancy as a 42-year-old advanced maternal-age patient.  The pregnancy had occurred just days prior to the morning interview that occurred during the first raid of her house.[1]  She also asserts that she was not informed that she was the target of the FBI's investigation and that, during her interviews, she believed she was being cooperative and helpful in the prosecution of Insys employees and executives.  (See November 14, 2018 Letter from Dr. Jutla to AUSA Matthew Diggs, provided at <u>Exhibit E</u>).

---

[1] Just a few days after the second FBI interview, which occurred after a morning raid, Dr. Jutla reports that she tragically lost her baby son.

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

9.      For various reasons, I did not find that these issues provided a good-faith basis for a motion to withdraw Dr. Jutla's guilty plea.  However, Dr. Jutla asked me to make the Court aware of these issues, and I agreed to do so.

Signed on August 4, 2023 in Seattle, Washington.

*Jennifer Horwitz*
_____
Jennifer Horwitz

V.      <u>CONCLUSION</u>

The standard for granting a motion to withdraw from a guilty plea is a lenient one if the motion is brought before the sentencing hearing.  A motion should be granted if a "fair and just" reason is presented in the motion.  The Ninth Circuit has ruled that the discovery of new evidence is an example of a "fair and just reason" for a motion to withdraw a plea to be granted.  In this case, one of the facts Dr. Jutla admitted to in her plea agreement (in paragraph 8(i)), was admitted apparently without Dr. Jutla having the opportunity to review the document that was the basis for the admission.  Once the March 31, 2015 JF prescription was provided to her, it was clear to her that she had not signed the document.  An expert agreed that the signature on that prescription was "probably not genuine."  This Court should allow Dr. Jutla to withdraw her guilty plea.

Respectfully submitted this  4 th day of  August 2023.                    Type text here

LAW OFFICE OF JENNIFER HORWITZ, PLLC

*Jennifer Horwitz*
_____
Attorney for Rajninder Jutla
P.O. Box 70859
Seattle, WA  98127
(206) 799-2797
E-mail: jennifer@jenniferhorwitzlaw.com

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 10

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797

DEFENDANT RAJNINDER JUTLA'S MOTION TO
WITHDRAW FROM PLEA AGREEMENT - 11

LAW OFFICE OF JENNIFER HORWITZ, PLLC
P.O. BOX 70859
Seattle, WA  98127
(206) 799-2797