UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>RAJNINDER JUTLA,<br><br>         Defendant. | Case No. CR19-141-RSM<br><br>ORDER DENYING MOTION TO WITHDRAW FROM PLEA AGREEMENT |

  This matter comes before the Court on Defendant Rajninder Jutla's Motion to Withdraw from Plea Agreement. Dkt. #92. Defendant seeks to withdraw the guilty plea she entered on January 26, 2023, to Count 11 of the Superseding Indictment, which charged health care fraud. Dkt. #87. The Government opposes Defendant's Motion. Dkt. #96.

  After accepting a guilty plea, but before imposing sentence, a Court may in its discretion permit a Defendant to withdraw said plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R.Crim. Pro. 11(d)(2)(B). The defendant bears the burden of making such a showing, but the "fair and just" standard must be applied liberally. *United States v. Ortega-Ascanio,* 376 F.3d 879, 883 (9th Cir.2004). Fair and just reasons include "intervening

ORDER - 1

circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.*

Defendant's basis for her Motion is that she takes issue with a sentence in the Plea Agreement's statement of facts section, which reads: On March 31, 2015, Dr. Jutla wrote a prescription for patient J.F. for compounded cream medication FFCGL, listing three refills with the date of March 2, 2015, crossed out and the date of March 31, 2015, hand-written." Dkt. #87 at 8 ¶ i.[1] Defendant contends that she did not sign the prescription for patient J.F. referred to in this sentence, and that her signature was forged. Defendant states that she did not have access to this document in her own patient records (Dkt. #92 at 6 ¶ 4) and that she had never seen a copy of the prescription before she entered her guilty plea (*Id.* at 5 ¶ 3). Defendant's counsel declares that she "was not able to establish that the Federal Public Defender's office provided Dr. Jutla with a copy of the March 31, 2015 prescription to J.F. before she entered her guilty plea" and, based on a representation made by AUSA Tom Woods, "the copy [of the prescription] the government acquired was not from the seizure of Dr. Jutla's patient records, but [AUSA Woods], of course could not confirm or deny what patient records [Defendant] had retained." *Id.* at 6 ¶ 4. Defendant's Motion is also accompanied by a declaration from handwriting expert Hannah McFarland, in which she states:

> I conducted an independent examination of a copy of a Patient Information document dated 3-31-15 to determine if the Rajni Julta [sic.] signature on it is genuine or not….Based upon the available evidence it is my professional opinion that the questioned Rajni Julta [sic.] signature on the Patient Information document described above is probably not genuine. This degree of opinion "probable not genuine" is on a more probable than not basis.

Dkt. #92-1 at ¶¶ 3, 6.

---

[1] Defense counsel includes other issues Defendant raised with regards to her plea and with the case, but clarifies these are "*not* offered as a basis for this motion." Dkt. #92 at 7 ¶ 8 (emphasis in original). The Court has reviewed and is aware of these issues, but does not consider them for purposes of this Motion.

ORDER - 2

The Court finds Defendant's issue with this sentence in the Plea Agreement's statement of fact section does not meet the standard of a "fair and just reason for requesting the withdrawal." After a defendant's plea is accepted "the decision to allow withdrawal of a plea is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). Ultimately the Court finds that this sentence, and specifically the March 31, 2015, prescription for patient J.F. is unrelated to the charge to which Defendant pleaded guilty. Defendant pleaded guilty to health care fraud, *i.e.*, deceiving insurance companies so as to have them cover the costs of Subsys. The prescription at issue is, however, for "a compounded cream medication FFCGL"—*not* Subsys. As the Government argues in its Response: "The prescription at issue had nothing to do with Subsys or even its distributor, Insys. Rather, the prescription was part of a kickback scheme involving compound cream involving an unrelated Florida company." Dkt. #96 at 6.

Accordingly, it is hereby ORDERED that Defendant's Motion to Withdraw from Plea Agreement (Dkt. #92) is DENIED.

DATED this 18th day of August, 2023.

[signature]

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3