UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>RAJNINDER JUTLA,<br><br>                    Defendant. | Case No. CR19-141-RSM<br><br>ORDER GRANTING MOTION FOR COURT TO EXCISE PARAGRAPH 8(i) FROM PLEA AGREEMENT |

This matter comes before the Court on Defendant Rajninder Jutla's Motion for Court to Excise Paragraph 8(i) from Plea Agreement. Dkt. #101. Defendant previously filed a Motion to Withdraw from Plea Agreement on the basis that Defendant took issue with a sentence from Paragraph 8(i) of the Plea Agreement. *See* Dkt. #92. The Court denied Defendant's Motion, finding the sentence and the prescription referred to in that sentence and the rest of the paragraph was "unrelated to the charge to which Defendant pleaded guilty." Dkt. #98 at 3. In the instant Motion Defendant now seeks to excise Paragraph 8(i) from the Plea Agreement's Statement of Facts altogether.

Defendant seeks to have Paragraph 8(i), and thereby any reference to the March 31, 2015, J.F. prescription, removed from her Plea Agreement as a "mistake of fact" discovered after the

ORDER - 1

plea was entered. Dkt. #101 at 4. Defendant concedes that there is a "dearth of Ninth Circuit case law on the issue of discovery of a substantive 'mistake of act' by a defendant in a plea agreement after acceptance of the plea." Dkt. #101 at 4. Instead, Defendant attempts to distinguish this case from what she characterizes as the "closest case" to her situation—*U.S. v. Hammond*, 742 F.3d 880 (9th Cir. 2014). In *Hammond*, the Ninth Circuit stated "[a]lthough Rule 11 gives courts discretion to accept or reject a plea agreement, it does not authorize courts to remake a plea agreement or imply terms into one." *Hammond*, 742 F.3d at 883 (citing *United States v. Benchimol*, 471 U.S. 453, 455, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985) (per curiam) ("Rule 11[ ] ... speaks in terms of what the parties in fact agree to, and does not suggest that such implied-in-law terms as were read into this agreement by the Court of Appeals have any place under the rule."); *United States v. Stevens*, 548 F.2d 1360, 1362 (9th Cir.1977) (observing that Congress rejected a version of Rule 11 that would have allowed a court to modify a plea agreement in favor of the defendant)). The Court agrees that the situation in *Hammond*, i.e., whether a court could imply a waiver where none existed is not the issue before the Court here. The Government also cites to *United States v. Pluta*, 144 F.3d 968, 974 (6th Cir. 1998), yet this Sixth Circuit case is not instructive either as it deals with whether the defendant in that case could move to withdraw his guilty plea.

     Rule 11 clearly vests district courts with the discretion to accept or reject plea agreements, including those that contain a stipulated sentence term. Fed.R.Crim.P. 11(c)(3)(A). Here, the Court has already found that the March 31, 2015, prescription for patient J.F. is unrelated to the charge to which Defendant pleaded guilty. Dkt. #98 at 3. The paragraph Defendant seeks to excise refers entirely and only to the March 31, 2015, prescription for patient J.F. Dkt. #87 ¶ 8(i). Further, the Government also admits that it "would not think that this fact would make any

ORDER - 2

material difference in the sentence to be imposed." Dkt. #102 at 6. The Court will once again not reach the merits of whether or not the March 31, 2015, prescription for patient J.F. was forged and will not engage in a mistake of fact analysis. However, given the discretion afforded to this Court to accept or reject plea agreements, the paragraph at issue's lack of relevance to the charges here, that Defendant emailed her counsel from the Federal Public Defender's Office the evening after the plea hearing and expressed her regret about entering the plea, and that Defendant's initial counsel withdrew years into representing her, the Court will GRANT Defendant's Motion and excise Paragraph 8(i) from the Plea Agreement. The Court finds that this ruling will not run afoul of the Ninth Circuit's guidance in *Hammond*, as the Court is neither "remaking" nor "implying any new terms" into the Plea Agreement.

Accordingly, it is hereby ORDERED that Defendant's Motion for Court to Excise Paragraph 8(i) from Plea Agreement (Dkt. #101) is GRANTED.

DATED this 8th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3